```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
    DIVISION OF ST. THOMAS AND ST. JOHN
```

KEENE COURTNEY QUEENSBOROUGH,      )
          Petitioner,               ) D.C. CV. No. 2002-044
                                    )
               v.                   ) Ref: CR. No. 1996-090-01
                                    )
UNITED STATES OF AMERICA,           )
          Respondent.               )
_____     )

```
MEMORANDUM OPINION AND ORDER
```

This matter is before the Court on *pro se* petitioner, Keene Courtney Queensborough's timely[1] motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, the Government's response thereto, and Queensborough's reply. No evidentiary hearing is needed because the record is sufficient to allow a determination of the issues raised. Rules Governing Section 2255 Proceedings, Rule 8(a).


**I. FACTS AND PROCEDURAL HISTORY**

Queensborough pled guilty on November 13, 1998 to the assimilated crime of aggravated rape in violation of 14 V.I.C. §§ 1700(c) and 1701(2) and 18 U.S.C. §§ 2 and 13; and carrying a firearm during and in relation to a crime of violence in violation

---

[1]    On June 24, 2003, this Court ordered that the instant § 2255 motion was timely and should be considered *nunc pro tunc* to November 26, 2001.

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 2

of 18 U.S.C. §§ 924(c)(1) and (2).[2]  On August 19, 1999,
Queensborough was sentenced to twenty years imprisonment on the
aggravated rape charge and sixty months on the firearm charge to be
served consecutively pursuant to U.S.S.G. § 2K2.4 and 18 U.S.C. §
924(c).  He appealed his sentence challenging the Court's upward
departure under the federal sentencing guidelines.  On September
15, 2000, the Court of Appeals for the Third Circuit ("Court of
Appeals") affirmed Queensborough's sentence.  *United States v.
Queensborough*, 227 F.3d 149 (3d Cir. 2000), *cert. denied*, 531 U.S.
1131 (2001).[3]

---

[2]     Counts I through VI charged violations of territorial law, five of
which were assimilated into federal law pursuant to the Assimilative Crimes
Act ("ACA"), 18 U.S.C. § 13(a). Count VII charged a violation of, 18 U.S.C. §
924(c)(1) and (2), a federal criminal statue.

[3]     On appeal, Queensborough argued that: (1) the District Court
failed to give him reasonable notice of its intent to upwardly depart from the
sentencing guidelines and failed to identify with specificity the grounds for
said departure; (2) he lacked notice of the factual basis for the departure;
(3)the Government violated its plea agreement to recommend a sentence within
the applicable guidelines range; (4) the District Court's decision to upwardly
depart from the guidelines based on extreme conduct in the aggravated rape is
not supported by the record and that such departure was not permissible under
the guidelines; (5) the District Court abused its discretion by imposing an
excessive upward departure of five or six levels.
         The Court of Appeals held that: (1) Queensborough's Presentence
Investigation Report ("PSR") identified a ground for upward departure, it
further provided the required notice that the District Court was contemplating
an upward departure based on extreme conduct, and he was not entitled to
additional notice from the Court; (2) Queensborough's conduct, as detailed in
the PSR, was unusually heinous, cruel, brutal, and degrading to the victims as
required by U.S.S.G. 5K2.8, and he did not lack notice of the factual basis
for the departure; (3) the Government allocuted at sentencing stating that a
sentence of 151 months for the aggravated rape was a appropriate sentence, and
because the guideline range was 121-151 months, the Government's
recommendation was consistent with its plea agreement; (4) the District Court
did not err in characterizing the events as degrading and Queensborough's
conduct as extreme; (5) after giving the substantial deference to the District
Court, the District Court did not abuse its discretion in departing upward to
the degree it did in this case. *United States v. Queensborough*, 227 F.3d 149
(3d Cir. 2000).

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 3

Now Queensborough argues that: (1) his confession was obtained involuntarily; (2) the District Court lacked jurisdiction over the crime; (3) there was an error in the application of the Sentencing Guidelines; (4) he should receive a downward departure from the Sentencing Guidelines because his alien status makes him ineligible for a camp or halfway house; (5) his firearm conviction under § 924 should be vacated in light of *Bailey v. U.S.*, 516 U.S. 137, 143 (1995) (requiring evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense); and (6) his conviction should be vacated, because upon his arrest as a citizen of Jamaica, he was not informed of his right to consular assistance under the Vienna Convention on Consular Relations and Optional Protocol Disputes, 21 U.S.T. 77, T.I.A.S. No. 6820 ("Vienna Convention") and the Fifth Amendment to the United States Constitution.

## II. Discussion

### A. General § 2255 Standards

A § 2255 motion is not a substitute for a direct appeal. *See United States v. Frady,* 456 U.S. 152, 165 (1982). Section 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 4

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack. *See United States v. Addonizio,* 442 U.S. 178, 184-85, 99 S.Ct. 2235, 2239-40 (1979).  Moreover, petitioner bears the burden of proving that his conviction is illegal.  *See, e.g., U.S. v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977) (citing *Darr v. Burford*, 339 U.S. 200, 218 (1950)).

   **B.   Queensborough's voluntary guilty plea precludes his non-jurisdictional challenge to the voluntariness of his confession.**

   Queensborough relies on *Dickerson v. United States*, 530 U.S. 428 (2000) to argue that his confession was obtained involuntarily, because he was not given *Miranda* warnings, and he was bribed with candy bars.  The Government argues, on the other hand, that a "defendant, by entering a plea of guilty, waives his right to challenge his conviction on any non-jurisdictional grounds other than the voluntariness of the plea." (Response at 3.)  The Government further argues that while Queensborough frames his argument under *Dickerson*, that case merely held that *Miranda v. Arizona*, 384 U.S. 436 (1966) may not be overruled by an act of Congress, and Queensborough cannot assert, as a factual matter, that he was denied *Miranda* warnings.  *Dickerson*, 530 U.S. at 432 (holding that *Miranda*, a constitutional decision of the U.S.

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 5

Supreme Court, may not be overruled by an Act of Congress). The Court agrees with the Government.

Accepting Queensborough's allegations as true for the sake of argument, a habeas petitioner is not entitled to relief as a matter of law because "a voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects in the proceeding up to that point, including an illegal arrest, failure to advise him of his constitutional rights, and an involuntary confession." *See Williamson v. State of Alabama,* 441 F.2d 549, 550 (5th Cir.) *cert. denied,* 404 U.S. 844 (1971) (internal citations omitted).

Assuming arguendo that Queensborough's claim of an involuntary confession had not been waived, he would nonetheless fail in his quest for habeas relief on this issue. In determining the voluntariness of a confession, the Court must "consider the effect that the totality of the circumstances had upon the will of the defendant." *Miller v. Fenton,* 796 F.2d 598, 604 (3d Cir. 1986) (citations omitted). An involuntary confession may result from psychological as well as physical coercion, but it is generally recognized that police may use some psychological tactics in order to elicit a statement from a suspect. *Id.* at 605. "On collateral review, the habeas corpus petitioner must prove involuntariness by a preponderance of the evidence." *Id.* at 604. (citations omitted).

Queensborough's claim fails because he has not established, by

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 6

a preponderance of the evidence, that his confession was coerced.

The Court also notes that Queensborough does not challenge the

voluntariness of his plea.   As the U.S. Supreme Court states in

*United States v. Broce*, 488, U.S. 563, 570 (1989) (internal

citations omitted):

> A guilty plea "is more than a confession which admits
> that the accused did various acts."  It is an "admission
> that he committed the crime charged against him."  By
> entering a plea of guilty, the accused is not simply
> stating that he did the discrete acts described in the
> indictment; he is admitting guilt of a substantive crime.
> That is why the defendant must be instructed in open
> court on "the nature of the charge to which the plea is
> offered,"  Fed. Rule Crim. Proc. 11(c)(1), and why the
> plea "cannot be truly voluntary unless the defendant
> possesses an understanding of the law in relation to the
> facts."

Thus, even if the court were to assume arguendo that the confession

was involuntary, the plea of guilty has not been challenged, and

there is no indication in the record that it was defective.   The

Court is satisfied that Queensborough was represented by competent

counsel and his plea of guilty was given with the necessary

understanding and volition.   *See, e.g., United States ex rel.*

*Broaddus v. Rundle*, 492 F2d 791, 795 (3d Cir. 1970).   The Court,

therefore, rejects Queensborough's claim that his confession was

involuntary.

## C. The District Court did not lack subject matter jurisdiction over the crime.

Queensborough argues for the first time in this habeas

petition, that the offense for which he pled guilty was "alleged to

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 7

have taken place" at the Cinnamon Bay Campground on St. John, U.S. Virgin Islands, which is not a "Federal Enclave." (Pet'r 2255 Mot. at 6.)   Thus, he contends, it is not subject to federal jurisdiction under 18 U.S.C. §§ 2 and 13.

The Government argues, on the other hand, that the Court should not review this procedurally defaulted claim.   More specifically, the Government argues that Section 2255 is not a substitute for a direct appeal, and Queensborough's claim is procedurally barred because he failed to raise it on direct appeal.

A well established tenet of law is that a § 2255 motion does not substitute for a direct appeal. *See United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000).   "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' for the failure to comply with the procedural requirement and that actual 'prejudice' would result from the alleged constitutional violation, or that he is 'actually innocent.'"[4] *Bousley v. United States,* 523 U.S. 614, 622 (1998)

---

[4]     Regarding actual innocence, the Court of Appeals has stated that:

To establish actual innocence, "a habeas petitioner must 'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"   Actual innocence means "factual innocence, not mere legal insufficiency."   The Supreme Court has required a petitioner "to support his allegations of constitutional error with *new reliable evidence*--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."

(continued...)

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 8

(internal citations omitted); *see also Jenkins v. United States*,
333 F.3d 151, 155 (3d Cir. 2003).

     This Court is not convinced that Queensborough's challenge to
its subject matter jurisdiction was procedurally barred.  It is
well settled that "[a] plea of guilty is a waiver of all
nonjurisdictional defects and defenses, constituting an admission
of guilt." *United States v. Ptomey*, 366 F.2d 759, 760 (3d Cir.
1966).  Nonetheless, Queensborough's claim that this Court lacked
jurisdiction to try him on the offenses charged because the
Cinnamon Bay Campground is not a federal enclave fails.
Queensborough simply makes bald assertions that the property is not
under federal jurisdiction, and submits questions to the Court
regarding the status of the Cinnamon Bay Campground.  He does not
put forth even a scintilla of evidence in support thereof.

     The record clearly shows that the offenses for which
Queensborough pled guilty occurred on the Cinnamon Bay beach,
federal property, which "is owned by the United States and is part
of the Virgin Islands National Park . . . [and] [t]he National Park
Service maintain[s] physical control over all beaches and waters of
the Virgin Islands National Park, including Cinnamon Bay beach."

---

[4](...continued)
    "Because such evidence is obviously unavailable in the vast
    majority of cases, claims of actual innocence are rarely
    successful."

*Sweger v. Chesney*, 294 F.3d 506, 522-23 (3d Cir. 2002) (internal citations
omitted).

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 9

*Fabend v. Rosewood*, 381 F.3d 152, 154 (3d Cir. 2004).

Moreover, a guilty plea conclusively proves the factual allegations contained in the indictment, but does not confer jurisdiction. *Dhalluin v. United States*, 860 F.2d 1088 (9th Cir. 1988) (citing *United States v. Mathews,* 833 F.2d 161, 164 (9th Cir. 1987)("[A] guilty plea conclusively proves the factual allegations contained in the indictment, but does not confer jurisdiction. Jurisdiction arises by operation of law when certain facts alleged in the indictment are proved, whether by guilty plea, by judgment, or by jury verdict. The defendant, by pleading guilty, establishes the factual basis for jurisdiction, but not jurisdiction itself. Jurisdiction derives from the statute.")) Subject matter jurisdiction was appropriately established.

Queensborough's plea further conclusively proved the factual allegation that his arrest occurred on federal property. *See, e.g., United States v. Davis,* 452 F.2d 577, 578 (9th Cir. 1971) (per curiam) (holding that when a defendant pleads guilty to federal bank robbery, the government is not required to prove that bank was federally insured). This Court's jurisdiction over the offenses charged was appropriately established.

**D. *Apprendi* is not applicable.**

Queensborough argues that the sentencing court erred in its application of the Guidelines in light of *Apprendi v. New Jersey,*

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 10

530 U.S. 466 (2000).[5]   More specifically, he argues that the enhancements constitute impermissible double counting that was not charged in the indictment, submitted to a jury, and found beyond a reasonable doubt.  The Government argues that Queensborough's claim of improper application of the sentencing guidelines is procedurally defaulted.

Queensborough's base offense level was 27, but based upon various offense level adjustments (plus 8 points), as well as reductions credited to Queensborough (minus 3 points), his total offense level was 32.  As the PSR stated:

> The minimum term of imprisonment on Count I [aggravated rape] is 10 years *and the maximum term is life imprisonment*, pursuant to 14 U.S.C. §§ 1701(2), 1700(c), and 11, and 18 U.S.C. §§ 13 and 2.  The maximum term of imprisonment on Count VII [possession of a firearm] is 5 years, pursuant to 18 U.S.C. § 924(c).

(PSR at 19 (emphasis added).)   Queensborough was sentenced to twenty years imprisonment on the aggravated rape charge, which was below the statutory maximum, and sixty months on the firearm charge to be served consecutively pursuant to U.S.S.G. § 2K2.4 and 18 U.S.C. § 924(c).  Queensborough's challenge to the court's upward departure at sentencing was affirmed on direct appeal.

This Court finds Queensborough's *Apprendi* argument without merit.   There is no due process violation here, because Queensborough was sentenced to a term of imprisonment less than the

---

[5]    The U.S. Probation Office used the 1998 edition of the Guidelines Manual in determining Queensborough's recommended sentence.

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 11

maximum sentence applicable for the aggravated rape charge. *United States v. Williams,* 235 F.3d 858, 862-63 (3d Cir. 2000) (holding that *Apprendi* provides no basis for relief to a defendant who receives a sentence below the otherwise applicable statutory maximum, even if the findings exposed the defendant to a higher statutory maximum.)  In addition, he pled guilty to the offenses charged.  Even assuming arguendo that *Apprendi* would apply in a guilty plea case, under the circumstances of this case, in which Queensborough's sentence was considerably below the applicable statutory maximum, *Apprendi* is inapplicable.

**E.   Request for downward departure is not cognizable in a motion under 28 U.S.C. § 2255.**

Queensborough argues that he should be granted a downward departure because the fact that he is not an American citizen makes him ineligible for a camp or half-way house.  The Government argues that even if Queensborough had made a request for a downward departure before the sentencing, such a discretionary decision by a trial judge would not have been reviewable on appeal.

The Court agrees with the Government.  In seeking a downward departure, Queensborough does not allege a fundamental defect in the process.  Instead, he simply tries to get another bite in the apple of a discretionary decision made by Judge Moore.  This court finds that a § 2255 motion is not the appropriate vehicle in which to raise a motion for downward departure.

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 12

> **F.    Challenge to firearm conviction under *Bailey* was procedurally barred.**

Queensborough argues that his conviction came at a time when the Third Circuit held the position that mere possession of a firearm could constitute "use" under § 924.  He argues that his conviction required evidence sufficient to show an "active employment" of the firearm, and is, therefore, invalid in light of *Baily v. United States*, 516 U.S. 137 (1995).  The Government argues that this claim is waived because Queensborough pled guilty.  Again, the Court agrees.

In addition, *Bailey* was decided in 1995, well before Queensborough's plea of guilty on November 13, 1998, and he could have raised the issue on direct appeal, but he did not.  In 1998, the Supreme Court held that the rule announced in *Bailey* can be asserted in a collateral attack under § 2255 where the defendant demonstrates either cause and actual prejudice for the failure to raise the issue on direct appeal, or that he is actually innocent. *See Bousley,* 523 U.S. at 622.  Courts enforce the cause and prejudice rule in part to conserve judicial resources by requiring state or federal prisoners who seek habeas relief to present their claims to the venue initially available.  *Sanchez v. Miller*, 792 F.2d 694, 698 (7th Cir. 1986) (citing *Engle v. Isaac*, 456 U.S. 107, 126-29 (1982)).

Queensborough does not demonstrate either cause or actual

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 13

prejudice for his failure to raise this issue on direct appeal, and he makes no assertion that he is actually innocent. This § 2255 motion is not the appropriate venue for Queensborough's *Bailey* claim.

**G.   Vienna Convention**

Queensborough argues that his conviction should be vacated, because upon his arrest as a citizen of Jamaica, he was not advised of his rights under the Vienna Convention and the Fifth Amendment to the United States Constitution. The Government argues that this error, if any, does not constitute a jurisdictional defect, and was, therefore, foreclosed by Queensborough's guilty plea. The Government further questions whether private litigants have standing to pursue a remedy under the Vienna Convention.

The issue whether Article 36 of the Vienna Convention creates rights enforceable by an individual who has been arrested was raised before the United States Supreme Court, but not decided. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 343 (2006) (holding that it was "unnecessary to resolve the question whether the Vienna Convention grants individuals enforceable rights," but solely for purposes of addressing petitioners' claims, assumed without deciding, that Article 36 does grant such rights); *Medellin v. Dretke,* 544 U.S. 660, 663-66 (2005) (dismissing writ of certiorari as improvidently granted); *see also In re Obi*, 240 Fed. Appx. 1000, 1001 n.2 (3d Cir. 2007) (assuming only for the purposes of the

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 14

opinion, but without deciding the issue, that Article 36 of the Vienna Convention granted petitioner enforceable rights which could be invoked in judicial proceedings); *Green v. Apker*, 153 Fed. Appx. 77, 79 n.3 (3d Cir. 2005) (acknowledging that it is unclear whether there is any privately enforceable right or cognizable claim under the consular notification provisions of the Vienna Convention).

This Court remains mindful that "a voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects in the proceeding up to that point, including an illegal arrest, failure to advise him of his constitutional rights, and an involuntary confession." *See Williamson*, 441 F.2d at 550. Queensborough's Vienna Convention claim is non-jurisdictional, and, therefore, waived by his plea of guilty.[6]

## III. CONCLUSION

For the reasons stated in this opinion, Queensborough's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied. The Court will not issue a certificate of appealability because Queensborough has not presented any argument on which "jurists of reason could disagree with the district

---

[6]    *See, e.g., U.S. v. Aguilar-Pereira*, 273 F.3d 1101 (5th Cir. 2001) (holding that where appellant argued for the first time on appeal that he "was denied his rights as a non-citizen to consular notification under the Vienna Convention on Consular Relations, his appeal of that issue had been waived by his unconditional guilty plea); *United States v. Flores-Garcia*, 230 F.3d 1364 (8th Cir. 2000) (holding that the alleged failure to advise defendant of his right under Vienna Convention on Consular Relations to contact his consul was not a jurisdictional defect, and therefore was waived by his guilty plea).

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 15

court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).  An appropriate order follows.

**DATE:** September 9, 2008          **E N T E R:**

                                        /s/
                              _____

                              **CURTIS V. GÓMEZ**
                              **CHIEF JUDGE**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

**KEENE COURTNEY QUEENSBOROUGH,**            )
        Petitioner,             )  **D.C. CV. No. 2002/0044**
                             )
             v.           )  Ref: Cr. No. 1996/0090-01
                             )
**UNITED STATES OF AMERICA,**                )
        Respondent.         )
_____ )

## O R D E R

      **THIS MATTER** is before the Court on Keene C. Queensborough's motion to vacate, set side, or correct sentence under 28 U.S.C. § 2255, the Government's response thereto, and Queensborough's reply. Having considered the premises, it is hereby

      **ORDERED** that Queensborough's motion to vacate, set side, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**; and further

      **ORDERED** that a certificate of appealability will not be issued; and further

      **ORDERED** that other pending motions, if any, are **DENIED** as moot; and finally

      **ORDERED** that the Clerk of the Court shall **CLOSE** this file.

      **DONE AND SO ORDERED** this <u>9</u> day of September 2008.

                             **E N T E R:**

                              /s/
                        _____
                        **CURTIS V. GÓMEZ**
                        **CHIEF JUDGE**

*Queensborough v. USA*
D.C. CV. No. 2002/0044
Order
Page 17


**Copies to:**

    Geoffrey W. Barnard, Magistrate
    U.S. Attorney's Office
    Keene C. Queensborough, #03879-094, Federal Correctional Institution, 2680 HWY 301 South, Jesup, Georgia 31599 (Please Mark: "LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY")
    Law Clerk-TLB
    C. Francis